**In re Paul E. HENRY, Debtor.**

**Candice M. Henry, Plaintiff,**

**v.**

**Paul E. Henry, Defendant.**

**Bankruptcy No. 99–30672.**

**Adversary No. 99–7044.**

United States Bankruptcy Court,
D. North Dakota.

Aug. 24, 1999.

Ward K. Johnson, III, Grand Forks, ND, for Debtor.

Kip M. Kaler, Fargo, ND, trustee.

***ORDER***

WILLIAM A. HILL, Bankruptcy Judge.

Before the Court is a motion by the Defendant/Debtor, Paul E. Henry, seeking a partial default judgment on allegations of debt dischargeability as set forth in his counterclaim filed June 30, 1999. The Motion for Partial Default Judgment was filed August 9, 1999. No reply has been made to either the counterclaim or the instant Motion for Partial Default Judgment.

The instant adversary proceeding stems from protracted divorce proceedings between the parties, the exact nature of which is, so far, not fully developed in this action. On May 28, 1999, the Plaintiff, Candice M. Henry, the former spouse of the Defendant/Debtor, commenced the present adversary proceeding by Complaint seeking a determination that certain monetary awards granted her by the original decree of divorce and in subsequent divorce related proceedings are in the nature of nondischargeable spousal maintenance and child support pursuant to section 523(a)(5) of the U.S. Bankruptcy Code. Referenced in the Complaint is a March 30, 1999, state court judgment (a copy of which is attached to the adversary Complaint) awarding her a judgment of $3,572.03. Also referenced is a child support arrearage of an unspecified amount. No copy of the original divorce decree is before the Court.

Answering the Complaint, the Defendant/Debtor admitted to the existence of the $3,572.03 judgment but asserts the same to be dischargeable. By his counterclaim, he again asserts the dischargeable nature of the judgment and goes on to additionally allege that child support arrearages accumulating since September 1997 and apparently totaling $4,548.00 ought also to be regarded as dischargeable for the novel reason that the award is, in essence, unreasonable and beyond his budgetary ability to pay. He requests the

child support be discharged pursuant to section 523(a)(15).

By the instant motion for partial default judgment the Defendant/Debtor alleges that a prima facie case for relief under section 523(a)(15) has been established for discharge of the child support.

■■■■ Rule 55 of the Federal Rules of Civil Procedure, applicable in bankruptcy proceedings by Rule 7055 of the Federal Rules of Bankruptcy Procedure, provides for the summary entry of a default judgment only where the claim is for a sum certain and where the movant's right thereto can be determined without the necessity of additional facts. The disposition of a motion for entry of a default judgment by the Court lies in its sound discretion and its exercise may, among other things, be influenced by the merits of the movant's substantive claim. *Wahl v. McIver*, 773 F.2d 1169 (11th Cir.1985). In his counterclaim, the Defendant/Debtor is taking issue with the state court's award of and enforcement of child support now saying it exceeds that which is required under the North Dakota Child Support Guidelines, that it is beyond any needs of the child and that he cannot pay it given his present income level. Therefore, he asks this Court to regard the award not as one for child support but something else otherwise dischargeable under section 523(a)(15). This argument is faulty in several respects. First of all, the Court has been presented with no evidence whatsoever, save for the monetary judgment of $3,572.03. It does not have the original decree and cannot make any conclusions based upon its language. Moreover, in view of the apparent existence of a final decree of divorce inclusive of an award of maintenance and child support, this Court, as a federal bankruptcy court, cannot change the adjudicated rights of the parties nor review the state court's determinations. The Defendant/Debtor suggests that this Court undertake a fresh review of his financial circumstances and conclude that, because he cannot now meet his support obligations, they are no longer "in the nature of alimony, maintenance, or support." The present circumstances of a debtor are completely irrelevant to the issue of whether a divorce award is or is not an award of support. *Draper v. Draper*, 790 F.2d 52, 54 (8th Cir.1986). Under section 523(a)(5) any debt owing to a former spouse or child of the debtor for alimony to, maintenance for, or support of such spouse or child when awarded in connection with a divorce decree or *other order* of a court of record is nondischargeable if the obligation is actually "in the nature of alimony, maintenance, or support." Section 523(a)(15) sets up a rebuttal presumption of nondischargeability for any other divorce-created debt that is not obviously of the kind covered by section 523(a)(5). The burden rests with the Debtor to show that he meets one of the alternative exceptions set forth in section 523(a)(15)(A) or (B). An assessment under section 523(a)(15) is not even reached, however, unless it is first established that the debt at issue is plainly not "in the nature of alimony, maintenance, or support." Such a showing is at present not apparent from the pleadings. Quite the contrary. The Defendant/Debtor as much as concedes in his counterclaim that the debt he is challenging is indeed child support. If so, then there is absolutely no possibility of a successful challenge of that fact in bankruptcy court nor is there any possibility of some how changing its nature and disposing of it under section 523(a)(15).

■■■■ Although the Defendant/Debtor is not at the moment seeking resolution of the $3,572.03 judgment, it is, nonetheless, worthwhile noting that in the judgment the state judge specifically determined that "said sum shall be deemed to be maintenance and is nondischargeable in bankruptcy." This finding is important jurisdictionally because the bankruptcy court has exclusive jurisdiction to determine the dischargeability of debts falling under section 523(a)(2), (4), (6), and (15) of the Code.

However, state courts have concurrent jurisdiction with the bankruptcy court to determine the dischargeability of debts not listed in section 523(c). One of the debts specifically not listed in section 523(c) is those arising under section 523(a)(5). *See also* 28 U.S.C. § 1334.[1] The North Dakota state court was wholly within its jurisdictional parameters in entering the order and had concurrent jurisdiction to determine whether its own award was a nondischargeable obligation. *In re Stewart,* 208 B.R. 921 (Bankr.E.D.Ark.1997); *In re Thaggard,* 180 B.R. 659 (M.D.Ala.1995); 5 *Collier on Bankruptcy* ¶ 523.15 (Lawrence P. King ed., 15th ed.1992).

For the foregoing reasons, the Court concludes that the Defendant/Debtor's counterclaim is lacking in merit and therefore the Motion for Partial Default Judgment is in all things DENIED.

**SO ORDERED.**

1. Section 1334 provides in pertinent part as follows: (a) Except as provided in subsection (b) of this section, the district court (a term inclusive of the bankruptcy court) shall have original jurisdiction and exclusive jurisdiction of all cases under Title 11.(b) Notwithstanding any act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11.