**Stephen Joseph MATTINGLY,**
**Appellant,**

v.

**Kristie Keisker MATTINGLY**
**(now Elkins), Appellee.**

No. 2004–CA–000314–MR.

Court of Appeals of Kentucky.

May 13, 2005.

B. Mark Mulloy, Louisville, KY, for appellant.

James A. Grider, Louisville, KY, for appellee.

Before BUCKINGHAM, JOHNSON, and SCHRODER, Judges.

## OPINION

BUCKINGHAM, Judge.

Stephen Joseph Mattingly appeals from an order of the Jefferson Family Court granting Kristie Keisker Mattingly's (now Elkins) motion seeking to enforce the college education expense provision of a property settlement agreement as a child support obligation nondischargeable in bankruptcy. We affirm.

Stephen and Kristie were married on September 8, 1979. During the course of their marriage, they had two children, Wesley Nolan Mattingly, born January 9, 1984, and Aaron Stewart Mattingly, born April 15, 1985. The couple separated on May 10, 1986, and Kristie filed a petition for dissolution of marriage in the Jefferson Circuit Court.[1]

On November 14, 1988, the parties filed a property settlement agreement. Under the section styled "Child Support," Stephen agreed to pay Kristie $125 a week per child. In addition, the child support section also included Stephen's obligation to pay expenses for insurance and medical care, his obligation to pay expenses for the boys to attend private school (grades K–12), and his obligation to pay for four years of undergraduate school for each of his sons. Under the college expense provision, Stephen agreed to pay tuition, books, fees, room and board, and a reasonable allowance. The property settlement agreement also addressed maintenance, the division of marital property, attorney's fees and costs, real estate, taxes, and miscellaneous issues in separate sections. The property settlement agreement was incorporated by reference into the decree of dissolution entered on January 6, 1989.

Stephen remarried, and on November 17, 1995, he and his wife filed a voluntary petition for bankruptcy under Chapter 7 of the bankruptcy code. The action was filed in the U.S. Bankruptcy Court in Baltimore, Maryland. Stephen listed Kristie as an unsecured creditor with a fixed and liquidated claim of $100,000. The disclosure contained no information that would indicate Kristie was Stephen's former spouse, that the debt arose in relation to the property settlement agreement, or that the amount was Stephen's estimate of the value of the college expense provision contained in the child support section of the agreement. Kristie entered no appearance in the bankruptcy proceeding. On May 14, 1996, the bankruptcy court entered an order discharging Stephen and his wife of their dischargeable debts.

On August 19, 2002, Kristie filed a motion in the Jefferson Family Court to enforce the child support provisions of the property settlement agreement. Specifically, she asked the court to enforce Stephen's obligation under the college expense provision. At the time, the couple's oldest son, Wesley, was enrolled in Cornell University, and Stephen had refused to pay the expenses allocated to him under the agreement. Stephen did not deny the terms of the agreement. Rather, he argued that the obligation had been dis-

---

1. An order was later entered transferring the case to the Jefferson Family Court.

charged through the bankruptcy proceeding.

On January 15, 2004, the Jefferson Family Court entered an order granting Kristie's motion seeking to enforce the terms of the agreement. First, the court determined that it had jurisdiction to decide whether the obligation was dischargeable under 11 U.S.C.[2] § 523(a)(5). The court then determined that the college expense obligation was not dischargeable because it was in the nature of child support. This appeal by Stephen followed.

■ Stephen's first argument is that since a trial court could not have ordered post-majority child support on its own, it necessarily follows that the court would be precluded from finding post-majority support to be in the nature of child support and thus nondischargeable under 11 U.S.C. § 523(a)(5). In support of his argument, he cites KRS[3] 405.020(1) and KRS 403.213(3).

KRS 405.020(1) provides generally that "[t]he father and mother shall have the joint custody, nurture, and education of their children who are under the age of eighteen (18)" and that the father is primarily liable for the nurture and education of such children "and for any unmarried child over the age of eighteen (18) when the child is a full-time high school student, but not beyond completion of the school year during which the child reaches the age of nineteen (19) years." KRS 403.213(3) provides in pertinent part as follows:

*Unless otherwise agreed in writing or expressly provided in the decree,* provisions for the support of a child shall be terminated by emancipation of the child unless the child is a high school student when he reaches the age of eighteen

(18). In cases where the child becomes emancipated because of age, but not due to marriage, while still a high school student, the court-ordered support shall continue while the child is a high school student, but not beyond completion of the school year during which the child reaches the age of nineteen (19) years. [Emphasis added.]

■ Stephen is correct that the obligation to support a child is limited by the statutes. However, the parties are free to agree otherwise in writing. *See* KRS 403.213(3). *See also Bustin v. Bustin,* 969 S.W.2d 697, 699 (Ky.1998); *Wilhoit v. Wilhoit,* 521 S.W.2d 512, 513 (Ky.1975); and *Stevens v. Stevens,* 798 S.W.2d 136, 139 (Ky.1990). Therefore, we reject Stephen's argument that a provision for college education expenses can never be construed as an obligation in the nature of child support.

■ Stephen's next argument is that because Kristie failed to challenge the discharge of his obligation/debt in the bankruptcy proceedings, she is precluded from bringing her present claim in the family court. In support of this argument, Stephen cites 11 U.S.C. § 523(a)(15). The federal bankruptcy statutes set out specific exceptions to discharge in 11 U.S.C. § 523. The two exceptions of particular importance in this case are 11 U.S.C. § 523(a)(5) and 11 U.S.C. § 523(a)(15).

Under section 5 to 11 U.S.C. § 523(a), a discharge of debt in a Chapter 7 proceeding does not discharge an individual debtor from any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record, determination made in

---

2. United States Code.

3. Kentucky Revised Statutes.

accordance with State or territorial law by a government unit, or property settlement agreement, but not to the extent that ... (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support[.]" Section 15 of the statute generally precludes an individual debtor from discharging a debt "not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or a separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit[.]"

Stephen's argument is that the property settlement agreement requiring him to pay for his children's college education expense does not create an obligation in the nature of child support and, thus, its dischargeability must be considered in the context of section 15 of 11 U.S.C. § 523(a) rather than section 5. However, before a debt arising from a divorce decree or property settlement agreement can be subject to 11 U.S.C. § 523(a)(15), it must first be found to be not of the kind subject to section (5). *See In re Henry*, 238 B.R. 472, 474 (Bankr. D.N.D.1999). Because Stephen's obligation to pay the children's college education expenses is a debt covered by section 5, as we will explain below, section 15 is not applicable.

■ Finally, we turn to whether the family court correctly determined that Stephen's obligation was not dischargeable because it fell within the provisions of 11 U.S.C. § 523(a)(5). Both state courts and federal courts have jurisdiction to determine the dischargeability of an obligation under 11 U.S.C. § 523(a)(5). *In re Smither*, 194 B.R. 102 (Bankr.W.D.Ky.1996). *See also Cunningham v. Cunningham*, 497 S.W.2d 941, 942 (Ky.1973). ("A state court

in construing its own judgment may decide in judgment enforcement proceedings whether an obligation imposed by the judgment falls within an exception stated in the Bankruptcy Act to the usual effect of a discharge.") Even following the issuance of a discharge order, a discharge under 11 U.S.C. § 523(a)(5) remains preserved until a judicial resolution is obtained. *See Matter of Tremaine*, 188 B.R. 380 (Bankr.S.D.Ohio 1995).

■ The "weight of published circuit, district, and bankruptcy court opinions addressing the instant issue have held that obligations to provide post-majority support, whether in the form of child support payments or educational support, are nondischargeable support obligations as contemplated in 11 U.S.C. § 523(a)(5)." *In re Prager*, 181 B.R. 917, 920 (Bankr. W.D.Tenn.1995). "[T]he majority view of district and bankruptcy courts is that a parent's obligation to pay a child's college expenses pursuant to a separation agreement, divorce decree, or other court order may constitute an obligation 'in the nature of support' that is nondischargeable under § 523(a)(5)." *In re Seixas*, 239 B.R. 398, 403 (B.A.P. 9th Cir.1999). "[W]hether an obligation to a former spouse or a child is 'support' within the statute's meaning is ordinarily a question of fact[.]" *In re Hale*, 289 B.R. 788, 789 (B.A.P. 1st Cir. 2003).

■ The court in *In re Smither* set forth the following elements as necessary under 11 U.S.C. § 523(a)(5) to show that a debt is nondischargeable:

1. It is owed to a spouse, former spouse, or child of the debtor;

2. It has not been assigned to another entity, except pursuant to section 402 of the Social Security Act;

3. It arose in connection with a divorce decree, separation agreement, prop-

erty settlement agreement, order of a court of record, or determination made by a governmental unit with state or territorial law; and

4. It is "in the nature of alimony, maintenance or support."

194 B.R. at 105. The first three elements are met without dispute in this case. The controversy is whether Kristie established the last element.

The family court found the language and structure of the property settlement agreement indicative of an intent by the parties to create an additional child support obligation. The court noted that the section containing the college expense provision fell within the "Child Support" section of the agreement. Further, that obligation was included with other items that fell within the nature of child support, such as weekly support payments per child, medical expenses, life insurance expenses, and special education expenses. Because there was substantial evidence to support the court's finding that the college expense obligation was in the nature of child support, we conclude that the court did not clearly err in making such determination. *See also In re Prager*, 181 B.R. at 920 ("where an obligation is labeled as alimony, maintenance, or support and the parties intended to create a support obligation, the bankruptcy court's inquiry should end." *Id., citing In re Fitzgerald,* 9 F.3d 517, 521 (6th Cir.1993)).

The order of the Jefferson Family Court is affirmed.

ALL CONCUR.