James Thomas TRIMBLE, Appellant

v.

Allison TRIMBLE, Appellee

NO. 2015–CA–001021–MR

Court of Appeals of Kentucky.

DECEMBER 2, 2016; 10:00 A.M.

Rehearing Denied February 10, 2017

BRIEF FOR APPELLANT: J. D. Johnson, Paintsville, Kentucky

NO BRIEF FILED FOR APPELLEE

BEFORE: CLAYTON, STUMBO, AND VANMETER, JUDGES.

## OPINION

CLAYTON, JUDGE:

James Thomas Trimble (James) appeals from an order by the Floyd Family Court requiring him to pay his ex-wife Allison Trimble (Allison) for a credit card debt that she assumed for him during their marriage. He argues that the trial court erred because his debt to Allison was dischargeable in bankruptcy. Because we hold that the "fair contemplation" test applied to James' debt, such that James' debt was not dischargeable, we affirm.

### Facts

James and Allison married in 2006.[1] James and Allison had accumulated some pre-marital credit card debt. At some point during the marriage, Allison paid James' credit card debt.[2] The Floyd Family court entered an order dissolving the marriage on February 25, 2009. The order reserved "[a]ll issues arising out of this dissolution proceeding...for disposition at a future date."

In November, 2010, James filed Chapter 7 bankruptcy, and his debts were discharged in early 2011. On August 15, 2013,

---

1. We note that Allison has chosen not to file an appellee brief in this case, and that James has filed a motion with this court, requesting us to apply the penalties under Kentucky Rule of Civil Procedure (CR) 76.12(8)(c) at our discretion. *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007). In a separate order, we accept James' statement of the facts and issues in this case as correct.

2. James does not state this during his brief, and there is no video record of the hearing included in the record. The trial court's order sustaining James' motion to alter, amend or vacate states that Allison repaid James' credit card debt, and James apparently did not dispute this.

the trial court entered an order concluding that it did not have authority to impose marital debt upon James. Allison filed a motion to alter, amend or vacate that judgment, arguing that the credit card debt Allison assumed was not dischargeable in bankruptcy under either 11 U.S.C.A. § 523(a)(5) or (15). The Floyd Family Court granted Allison's motion to alter, amend or vacate. James filed a motion to alter, amend or vacate that order, which was denied. This appeal followed.

## Analysis

■ The Court notes preliminarily that an argument might be made concerning *res judicata* or waiver, because Allison did not contest this issue to the bankruptcy court. However, this Court has concurrent jurisdiction to determine the issues in this case. "While it is true that state courts lack jurisdiction to modify or to grant relief from a bankruptcy court's discharge injunction, they retain, with a few exceptions not pertinent here, concurrent jurisdiction under 28 U.S.C.A. § 1334(b) 'to construe the discharge and determine whether a particular debt is or is not within the discharge.'" *Sunbeam Corp. v. Dortch*, 313 S.W.3d 114, 115–16 (Ky. 2010) (quoting *In re Pavelich*, 229 B.R. 777, 783 (9th Cir. BAP 1999)). We therefore reach the merits of this case.

### I. The "Fair Contemplation" Test Applied to James' Discharge

Debts are discharged in bankruptcy. 11 U.S.C.A. § 523(a)(1). "The term 'debt' means liability on a claim." 11 U.S.C.A. § 101(12). A "claim" is a

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C.A. § 101(5).

The parties were divorced prior to James' discharge, and it was not until after the discharge that the trial court amended its August 15, 2013 order holding James liable. Because James sought to amend the family court's judgement to include marital debt subsequent to his discharge in bankruptcy, we must now consider whether the debt he accrued during his marriage constituted a postpetition debt not subject to discharge.

No case in Kentucky law has considered when obligations arising out of the division of marital assets and liabilities between former spouses become a "debt" for the purposes of discharge in bankruptcy. Neither Kentucky federal district court, has examined the issue, nor has the Sixth Circuit.

Prior to deciding the issue before the Court, some discussion is necessary concerning the different tests recognized by the federal court of appeals as to when a claim arises. "Courts have generally utilized three approaches when making this determination: (1) the accrued state law claim approach; (2) the conduct approach; and (3) pre-petition relationship approach." *In re Cleveland*, 349 B.R. 522, 529 (Bankr. E.D. Tenn. 2006).

"Generally, the accrued state law claim test focuses upon the notion that while federal law controls which claims are cognizable under the Code, the threshold question of when a right to payment arises, absent overriding federal law, is to be determined by reference to state law." *Id.* (quoting *Avellino v. M. Frenville Co.*,

Inc. (In re M. Frenville Co., Inc.), 744 F.2d 332, 337 (3d Cir. 1984)) (internal quotation marks omitted). This approach has been widely rejected. *See In re Emelity*, 251 B.R. 151, 156 (Bankr. S.D. Cal. 2000) ("Moreover, to the extent these decisions are based solely on *In re Matter of Frenville Co., Inc.*, 744 F.2d 332 (3d Cir.1984), cert. denied, 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985), that case has been universally criticized and is not followed outside the Third Circuit.").

"The conduct approach focuses upon when the underlying acts or conduct forming the basis of the right to payment occurred." *In re Cleveland*, 349 B.R. at 529. Therefore:

> [A]s long as "[the] debtor's conduct forming the basis of liability occurred pre-petition, a 'claim' arises under the Code when that conduct occurs, even though the injury resulting from this conduct is not manifest at the commencement of the bankruptcy proceedings." *Lemelle [v. Universal Mfg. Corp.*, 18 F.3d 1268, 1275 (5th Cir. 1994); *see also [In re Edge*, 60 B.R. 690, 705 (Bankr. M.D. Tenn. 1986) ] (holding that "a right to payment and thus a claim [arises] at the time of the debtors' prepetition misconduct."). This approach has been criticized as being too liberal and "patently unfair to creditors because it would allow a [debtor] . . . [to] receive a discharge from any liabilities before the . . . creditor [ ] ever has a reason to know about the debtor's involvement[.]" *Signature Combs, Inc. v. United States*, 253 F.Supp.2d 1028, 1035 (W.D.Tenn. 2003).

*Id.*

█ Finally, the "prepetition relationship" or "fair contemplation" test provides that "where the parties could have fairly contemplated a claim prior to bankruptcy, the claim will be held to have arisen pre-

petition, even when the actual right to payment matures postpetition." *In re Emelity*, 251 B.R. at 156. This is "[t]he most widely adopted test[.]" *In re City of Detroit, Michigan*, 548 B.R. 748, 763 (Bankr. E.D. Mich. 2016).

Of the courts that have considered the issue before us, many have come to the conclusion that a debt arises when the trial court has entered its final and appealable order, because that date provides a "brightline" standard. *See, e.g., In re Miller*, 268 B.R. 826, 830–31 (Bankr. N.D. Ind. 2001). Therefore, "[a] petition is just a petition[,]" and the "right to payment of alimony and child support accrue[s] at the time of the decree dissolution ordering alimony and child support[.]" *In re Arleaux*, 229 B.R. 182, 186 (8th Cir. BAP 1999). If this reasoning was used in the present case, James' debt to Allison would be nondischargeable as a postpetition debt.

█ This Court disagrees with the approach taken in *Miller, supra*, and *Arleaux, supra*, and holds that the "fair contemplation" test applies under the facts of this case. The court in *In re Emelity* employed this reasoning in a case with similar facts:

> It is undisputed that Debtor and Michelle had an extensive prepetition relationship. The claim at issue is rooted in the parties' dissolution proceeding which was pending at the time of Debtor's filing. It can also be said that the dissolution proceeding triggered Debtor's potential liability. Even though the marriage was terminated prepetition, both parties were aware that the division of community property would be made at a later time. Thus, the Court finds that it was within the fair contemplation of the parties that a contingent claim regard-

ing the property division existed at the time of Debtor's bankruptcy filing.

251 B.R. at 156–57.

Here, Allison assumed James' credit card debt during their marriage, even if the debt was incurred prior to the time they were married. Although the final order distributing property was not entered until after James' discharge, he was certainly on notice that Allison would seek repayment. Because state courts maintain concurrent jurisdiction to determine whether particular debts are subject to discharge, the family court acted appropriately when it considered the issue. *See Sunbeam Corp.*, 313 S.W.3d at 115–16. We now consider whether James' debt was indeed subject to discharge at the time he filed for bankruptcy.

## II. James' Debt Was Not Dischargeable

■ James does not argue that the amount of debt he was ordered to pay Allison was excessive, only that he should not have to reimburse Allison at all. "[B]efore a debt arising from a divorce decree or property settlement agreement can be subject to 11 U.S.C.[A.] § 523(a)(15), it must first be found to be not of the kind subject to section (5)." *Mattingly v. Mattingly*, 164 S.W.3d 518, 521 (Ky. App. 2005).

■ 11 U.S.C.A. § 523(a)(5) provides that "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt" that constitutes a "domestic support obligation[ ]." "Both state courts and federal courts have jurisdiction to determine the dischargeability of an obligation under 11 U.S.C.[A.] § 523(a)(5)." *Mattingly*, 164 S.W.3d at 521. In *Mattingly*, this Court provided a test for dischargeability under the statute. Such debts

are in "the nature of support" and therefore nondischaregable if

> (1) [i]t is owed to a spouse, former spouse, or child of the debtor; (2) [i]t has not been assigned to another entity, except pursuant to section 402 of the Social Security Act; (3) [i]t arose in connection with a divorce decree, separation agreement, property settlement agreement, order of a court of record, or determination made by a governmental unit with state or territorial law"; and (4) [i]t is "in the nature of alimony, maintenance or support."

*Id.* at 521–22.

■ In *Lichtenstein v. Barbanel*, 322 S.W.3d 27 (Ky. 2010), our Supreme Court used the *Mattingly* factors to determine whether a share of a medical practice was in the nature of support: "the award of $40,000.00 can only be interpreted as Roberta's share of the medical practice, a marital asset, reduced to dollars. An award from the division of marital property is certainly a matter collateral to child or spousal support." *Id.* at 38. We hold that, as in *Lichenstein*, the credit card debt in the present case was entirely collateral to child or spousal support, and therefore not dischargeable under 11 U.S.C.A. § 523(a)(5). Allison's assumption of James' credit card debt can be reduced to a dollar figure, and it is not in the nature of alimony, maintenance or support.

11 U.S.C.A. § 523(a)(15) similarly excludes from discharge debts "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]"

In Kentucky, "a non-support divorce debt (one that is not for child support or maintenance) *to a present or former spouse or a child* is excepted from discharge ...." *Howard v. Howard*, 336 S.W.3d 433, 442–44 (Ky. 2011) (emphasis in original) (footnote omitted). In *Howard*, our Supreme Court considered the dischargeability of a divorce debt, where the husband had assumed responsibility for a "loan on the parties' Dodge Durango, which was repossessed by the time of the decree." *Id.* at 435. The *Howard* Court concluded that the debt was not dischargeable under 11 U.S.C.A. § 523(a)(15), stating that:

> While the creditor presumably accepted Shane's obligation to it under the car loan had been discharged in bankruptcy, Shane's obligation to Sondra under the divorce decree to make the payments to the creditor was excepted from discharge under 11 U.S.C. § 523(a)(15) because this constitutes a debt to a former spouse under a divorce decree. *Debt* is defined in 11 U.S.C. § 101(12) (2007) as "liability on a claim." And a *claim* is basically defined as a "right to payment" or a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment" under 11 U.S.C. § 101(5) (2007). So, despite the language specifying a debt to a present or former spouse, the broad definition of debt has been interpreted to encompass divorce decree-imposed obligations to a former spouse to make payments on a loan from a third party. So the trial court could properly enforce Shane's obligation *to Sondra* under the divorce decree even if Shane's obligation *to the bank* on the repossessed Durango had been discharged.
>
> While the debtor's obligation on an underlying debt to a third-party creditor may be discharged because that underlying debt was not *to a spouse or former spouse or child,* the weight of authority holds that a separate, otherwise enforceable, obligation to one's present or former spouse under a separation agreement or a divorce decree to make payments on third-party debt is not dischargeable in Chapter 7 bankruptcy following the BAPCPA amendments. Our holding today is premised on the broad definition of debt encompassed within the bankruptcy statutes. This holding is especially clear in cases where the debtor-spouse has not only been ordered to, or agreed to, pay the debt, but has also been ordered to, or agreed to, hold the other spouse harmless or indemnify the other spouse.

*Id.* at 445–47 (emphasis in original).

Here, the trial court found that the credit card debt constituted a marital debt, and ordered James to pay Allison to satisfy his portion of that debt. Because Allison assumed James' credit card debt during the marriage, under 11 U.S.C.A. § 523(a)(15), James' credit card debt would still constitute a debt to a former spouse incurred in connection with a divorce decree and therefore not subject to discharge.

### Conclusion

In sum, we hold that the "fair contemplation" test applies in Kentucky in determining when a debt accrues when an order distributing property is entered after a discharge in bankruptcy. The Floyd Family Court did not err when it found that James' credit card debt to Allison was not dischargeable in bankruptcy, under either exception under 11 U.S.C.A. § 523(a)(5) or (15). We affirm.

ALL CONCUR.