J-A10013-20

2020 PA Super 267

| JOHN HANRAHAN | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHONA AVILA KETCH | : | No. 1876 EDA 2019 |

Appeal from the Order Entered May 28, 2019
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  No. 2016-000851

BEFORE:   BOWES, J., SHOGAN, J., and PELLEGRINI, J.*

OPINION BY BOWES, J.:                      **FILED NOVEMBER 13, 2020**

John Hanrahan ("Husband") appeals the May 28, 2019 order granting in part and denying in part his petition for special relief seeking to enforce the terms of a property settlement agreement that he entered into with Chona Avila Ketch ("Wife").  We reverse and remand for further proceedings.

Husband and Wife married on December 23, 1996, and separated during October 2015.  Three children were born of the marriage.  Husband filed a divorce complaint on January 29, 2016.

On June 12, 2017, the parties filed in the trial court a property settlement agreement ("PSA"), which they previously executed on May 17, 2017.  The PSA resolved all of the economic issues associated with the dissolution of the marriage.  In pertinent part, the PSA awarded Husband

_____

* Retired Senior Judge assigned to the Court.

$41,376.00 for his share of: (1) Wife's three retirement funds; (2) the equity in the marital residence; and (3) the value of personal property retained by Wife. **See** Equity Distribution Settlement Agreement, 6/12/17, at 1-2. The trial court incorporated, but did not merge, the PSA into the divorce decree that it entered on June 27, 2017.

Approximately seven months after the entry of the divorce decree, having paid Husband $15,166 of the agreed-upon debt, Wife filed a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code. She listed a $36,000 claim owed to Husband, incurred on the date of the PSA, among the nonpriority unsecured claims that she sought to discharge. **See** N.T., 1/30/19, at 10, Petitioner's Exhibit 2. In reference to the $36,000, Wife marked the box on the preprinted bankruptcy schedule that characterized the debt as "Obligations arising out of a separation agreement or divorce that [she] did not report as priority claims." **Id**. at 11; Exhibit 2, at 10. Husband did not participate in the bankruptcy proceedings, challenge the filing, or assert in the bankruptcy court that the debt under the PSA was not dischargeable pursuant to 11 USC § 532(a)(15) ("Exceptions to discharge").[1]

---

[1] The pertinent provision states as follows:

> (a)  A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
>
> . . . .

- 2 -

On May 10, 2018, the bankruptcy court entered a non-specific, form order of discharge that stated, *inter alia*, "Most debts are covered by the discharge, but not all." N.T., 1/30/19, at 12, Exhibit 3 (Order of Discharge, Official Form 318, at 1.)

On June 14, 2018, Husband filed a *pro se* petition for contempt against Wife asserting that she failed to pay him approximately $26,000[2] owed under the PSA. Wife countered that the debt had been discharged in bankruptcy and that if Husband believed that the discharge was erroneous, he could attempt to reopen the bankruptcy and request a special determination on that issue. On October 2, 2018, the Honorable John J. Whelan, who presided over the ancillary child custody dispute, entered a one-sentence order dismissing Husband's petition without prejudice.

Thereafter, on November 28, 2018, Husband filed a counseled petition for special relief in the trial court seeking to enforce the terms of the PSA on the ground that Wife's debt was nondischargeable pursuant to 11 U.S.C.

---

(15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

11 U.S.C. § 523(a)(15).

[2] The parties do not contest that $26,210.00 is the amount in question.

§ 523(a). Wife asserted that the trial court lacked jurisdiction to determine whether the debt was dischargeable and highlighted that Husband did not invoke § 523(a) in bankruptcy court.[3]

The matter was assigned to a different trial court judge, and on March 26, 2019, the trial court entered an order acknowledging that Wife breached her duty to pay Husband the full debt owed to Husband under the PSA, but ultimately concluded that it lacked jurisdiction to determine whether the $26,210.00 balance of Wife's debt was discharged in the bankruptcy proceedings or whether it was exempt from discharge pursuant to § 523(a)(15). Following the filing of competing motions for reconsideration, additional hearings, and argument on the issue of jurisdiction, the trial court entered an amended order on April 26, 2019, that simultaneously concluded that "the debt of $26,210.00 owed under the terms of the [PSA] entered into by the parties on May 17, 2017 to [Husband] was not dischargeable[;]" **and** expressly conditioned payment of that obligation on whether the bankruptcy court determined that it was not discharged in bankruptcy. **See** Trial Court Order, 4/26/19, at 7 ¶¶ 11, 12.

---

[3] Specifically, Wife filed, *pro se*, a single response entitled, "Response to Plaintiff's petition for special relief and Petition to dismiss based upon improper venue and Petition to dismiss based on no new information." **See** Docket Entry 103, 12/10/18.

Husband filed yet another motion for reconsideration, and on May 28, 2019,[4] the court entered the instant order which granted in part and denied in part Husband's request. The trial court held that Husband's "sole remedy in this matter is/was to seek clarification or to challenge the discharge (if there was one) in the Bankruptcy Court." Trial Court Opinion, 5/28/19, at 7. Relying upon *Hogg v. Hogg*, 816 A.2d 314 (Pa.Super. 2003) and an unpublished memorandum entered in an unrelated case,[5] the court reasoned as follows:

> Although t[he] Court appears to have concurrent jurisdiction with regard to the remedies pursuant to 28 U.S.C. § 1334(b) and 11 U.S.C. § 523(a), without additional evidence, it is without sufficient evidence of record to conclude that the Bankruptcy Order of Discharge, dated May 10, 2018 in this matter specifically discharged the debt in question here owed to [Husband].

*Id*. (citation to Exhibit omitted).

_____

[4] Pursuant to Pa.R.C.P. 1930.2(b), the trial court had thirty days from April 26, 2019 to expressly grant Husband's petition for reconsideration of its amended order or the period to appeal the underlying order would have expired. The instant order entered on Tuesday, May 28, 2019, the first business day following Sunday, May 26, 2019 and Memorial Day, observed on Monday, May 27, 2019, was timely. *See* 1 Pa.C.S. § 1908 (whenever last day of statutory period falls on weekend or legal holiday it is omitted from computation of time).

[5] The trial court also cited *Ceballos v. Ceballos-Ramos*, 2016 WL 5445643, which applied *Hogg*, *supra*. However, since that case was entered prior to May 1, 2019, Pa.R.A.P. 126(b) does not permit citation to the case for its persuasive value. Moreover, as the underpinnings of the *Ceballos* Court's rationale suffers from the identical flaw that undermines *Hogg*, *supra*, which we highlight in the body of this opinion, it would not inform our decision.

Husband timely appealed, and both he and the trial court complied with Pa.R.A.P. 1925. He presents one bifurcated question for our review:

> Whether the Family Court has jurisdiction to decide whether Wife's debt to Husband under the PSA is nondischargeable, where (1) Wife filed for Chapter 7 bankruptcy and received a discharge, and (2) Husband did not raise the issue of nondischargeability during bankruptcy proceedings?

Husband's brief at 3.

As Husband raises a pure question of law, *i.e.*, whether the trial court has jurisdiction to determine if Wife's debt to Husband was exempt from discharge under 11 U.S.C. § 523(a)(15), our standard of review is *de novo*, and our scope of review is plenary. **See Robert Half Int'l, Inc. v. Marlton Techs., Inc.**, 902 A.2d 519, 524 (Pa.Super. 2006) (noting issues pertaining to jurisdiction are pure questions of law, subject to *de novo*, plenary review).

In denying Husband's request to exercise jurisdiction and hold that Wife's $26,210.00 debt owed to Husband was exempt from discharge pursuant to § 532(a)(15), the trial court relied upon our holding in **Hogg**, **supra** at 319. Specifically, the court invoked the principle that the non-debtor spouse must assert the issue in the bankruptcy court, which "has jurisdiction to decide whether and to what extent a settlement agreement debt may be deemed nondischargeable." **Id**.

In **Hogg**, the trial court determined that a husband was responsible for debts owed to his former spouse under a PSA notwithstanding a subsequent bankruptcy discharge. In reversing that decision, we explained:

. . . [I]n 1994, the Bankruptcy Code was amended and a new subsection was added to address those marital obligations that were not for alimony or support, *i.e.*, debts incurred as a result of a property settlement agreement.  The new provision deemed such debts non-dischargeable unless 1) the debtor could not afford to pay them or 2) discharging the debt would result in a benefit to the debtor that outweighed the detrimental consequences to the non-debtor spouse.  11 U.S.C. § 523(a)(15).

. . . However, there are explicit procedural rules that govern § 523(a)(15), as well as jurisdictional restraints that apply to the provision.  For instance, while § 523(a)(15) offers protection to the non-debtor spouse with a settlement agreement, the Code nonetheless places the burden on the non-debtor spouse to seek the provision's protection and to do so in a specific manner.  Thus, the non-debtor spouse who wishes to retain the benefit of a settlement agreement is required to raise the issue in an adversary proceeding in the Bankruptcy Court within sixty days of the first date set for the meeting of creditors.  Fed. R. Bankr.P. 4007(c)[6].  Unlike in the context of alimony and support, the onus is on the nondebtor party to promptly raise and prevail on the issue of nondischargeability when it comes to property settlement agreement debts.  Further, only the Bankruptcy Court judge has jurisdiction to decide whether and to what extent a settlement agreement debt may be deemed nondischargeable.  This too is unlike alimony and support debts, jurisdiction over which is shared by the federal bankruptcy court and the state divorce court.

It is clear that as a result of material, substantive changes in the Bankruptcy Code, a domestic relations lawyer representing a non-debtor spouse must intervene in the debtor spouse's bankruptcy proceedings in order to represent his or her client zealously.  While the prospect of entering the federal bankruptcy

---

6 Federal Rule of Bankruptcy Procedure 4007(c) provides, "[e]xcept as otherwise provided in subdivision (d) [(which is not pertinent here)] a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).  The court shall give all creditors no less than 30 days' notice[.]").  Furthermore, **unlike those sections where non-discharge is automatic**, "[t]he bankruptcy court has exclusive jurisdiction to determine dischargeability of these debts[, and] if a complaint is not timely filed, the debt is discharged.  *See* F.R.B.P. 4007 Advisory Committee Notes.

court maze is daunting, the new provisions set out above make the task mandatory.

*Hogg*, *supra* at 319 (some citations omitted).

Applying the then-existing statutory framework, the *Hogg* Court thus held that the bankruptcy code prohibited the trial court from reaffirming the husband's debts following discharge even if the debts were of a class exempt from discharge under § 523(a)(15), as it existed at that time. We explained, "[o]nce the debts had been discharged, here apparently without opposition in the bankruptcy proceedings, the state court was powerless to change that fact." *Id*. at 319. Relying upon the foregoing, the trial court in the case at bar concluded that it lacked authority to determine whether Wife's debt was discharged and observed that Husband neglected to assert § 523(a) during the bankruptcy proceedings.

The gravamen of Husband's argument is that the trial court failed to acknowledge that *Hogg* was decided prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") of 2005, which amended §§ 523(a)(15) and (c)(1), making the exemption of dischargeability automatic in this type of case. Hence, he asserts that the trial court erred in concluding that it lacked authority to recognize that the debt was exempt from discharge. For the following reason, we agree.

Stated plainly, the previous versions of §§ 523(a)(15) and (c)(1) that applied when the *Hogg* Court confronted this issue are no longer applicable. Section 532(a)(15) previously had a two-part inquiry that required a creditor

- 8 -

to initiate an adversary proceedings to prevent the discharge of a known debt.

Specifically, the pre-2005 version of the section provided as follows:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
>
> . . . .
>
> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—
>
> > (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
> >
> > (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;

11 U.S.C. § 523(a)(15) (effective 1994-2004). Thus, to invoke the nondischargeability of a settlement agreement, a spouse previously had to establish that (1) the debtor spouse was able to pay the debt, and (2) the benefit of discharging the debt would outweigh the detriment on nonpayment to the spouse.

In addition, unlike the current statute, the pre-BAPCPA version of § 523(c)(1) listed subparagraph (a)(15) among the type of debts that would not be exempt from discharge "unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such

debt to be excepted from discharge[.]" *See* 11 U.S.C. § 523(c)(1) (effective 1994-2004). Indeed, the *Hogg* Court cited Bernice B. Donald & Jennie D. Latta, THE DISCHARGEABILITY OF PROPERTY SETTLEMENT AND HOLD HARMLESS AGREEMENTS IN BANKRUPTCY: AN OVERVIEW OF § 523(A)(15), 31 Fam. L.Q. 409 (1997), for this now-outdated proposition. *See id* at 411 ("[Section] 523(a)(15) debts have been included with those debts specified in § 523(c)(1) which "shall be discharged," unless, after notice and a hearing, the court determines such debt to be excepted from discharge ").

In light of the foregoing, *Hogg* is no longer an accurate reflection of the law in so far as the BAPCPA rendered automatic the exception under § 523(a)(15). Specifically, the 2005 amendments removed the two-part inquiry as to non-dischargeability under (a)(15) and excised subparagraph (a)(15) from the class of debts enumerated in § 523(c)(1) that require a timely request, notice, and adversary hearing prior to the determination of dischargeability. *See* BAPCPA, Public Law 109–8 (119 Stat. 23) April 20, 2005, § 215—Nondischargeability of Certain Debts For Alimony, Maintenance, and Support ("Section 523 of title 11, United States Code, is amended— . . . in subsection (c), by striking '(6), or (15)' each place it appears and inserting 'or (6)' . . . [and] in paragraph (15) . . . by striking 'unless—' and all that follows through the end of the paragraph and inserting a semicolon").

Accordingly, the "procedural rules" and "jurisdictional restraints" that the *Hogg* Court relied upon in reaching its conclusion that the trial court

lacked authority no longer apply. *See Hogg supra* at 319. While the *Hogg* Court noted that the Bankruptcy Code placed the "burden on the non-debtor spouse to seek the provision's protection and to do so in a specific manner," those requirements were struck by BAPCPA. Pursuant to the 2005 amendments, this exception to the discharge of debt owed to a former spouse is automatic and no longer requires any affirmative action by the non-debtor spouse.

Next, we address whether, in light of BAPCPA amendments the trial court had jurisdiction to make the determination of dischargeability in the instant case. Typically, state courts maintain concurrent jurisdiction under 28 U.S.C. § 1334(b) to construe the effect of a discharge and determine whether a particular debt is within the discharge.[7] *See In re Stabler*, 418 B.R. 764,

---

[7] The Bankruptcy Code outlines the bankruptcy court's jurisdiction as follows:

**(a)**   Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

**(b)**   Except as provided in subsection (e)(2) [regarding the employment of certain professionals], and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C.A. § 1334. Hence, state courts exercise concurrent jurisdiction to recognize that a particular debt is excepted from discharge. *In re Pavelich*, 229 B.R. 777, 783 (B.A.P. 9th Cir. 1999) ("While they have no authority to vary the terms of the discharge, they have considerable authority to except

770 (8th Cir. BAP 2009) ("Aside from determinations of dischargeability under 11 U.S.C. § 523(a)(2), (4), or (6), state courts have concurrent jurisdiction to determine the dischargeability of a debt."). Since there is a dearth of Pennsylvania precedent addressing this issue in the context of the post-BAPCPA versions of § 523(a)(15) and (c)(1), which now automatically exempts obligations owed under a property settlement agreement from bankruptcy discharge, we look to our sister jurisdictions for guidance in confronting the automatic exemptions to discharge under § 523(a). *See Commonwealth v. Manivannan*, 186 A.3d 472, 483-84 (Pa.Super. 2018) (noting that while Pennsylvania courts are not bound by decisions from other jurisdictions, Pennsylvania courts may use them for guidance so long as they are not incompatible with Pennsylvania law).

Both federal and state courts have held that state courts have concurrent jurisdiction to determine the nondischargeability of debts under the portions of Section 523(a) that do not require an adversary hearing. *See*, *e.g.*, *In re Stabler*, *supra* at 770; *In Re Walker*, 427 B.R. 471, 478 n.16 (8th Cir. BAP 2010) ("[E]xcept as to debts under § 523(a)(2), (4), and (6), state courts have concurrent jurisdiction to decide dischargeability, which is

_____

particular debts from discharge."); *see also Trimble v. Trimble*, 511 S.W.3d 392, 394 (Ky. Ct. App. 2016) ("While it is true that state courts lack jurisdiction to modify or to grant relief from a bankruptcy court's discharge injunction, they retain, with a few exceptions not pertinent here, concurrent jurisdiction under 28 U.S.C.A. § 1334(b) 'to construe the discharge and determine whether a particular debt is or is not within the discharge.'").

most often raised as a defense to a state court lawsuit brought after the discharge has been entered."); ***In Re Patterson***, 2019 WL 995717, *5 n.33 (Bankr. M.D. La., 2/12/19) (citing ***In Re Stabler***, ***supra*** at 770 (holding that except for debts under sections 523(a)(2), (4), and (6), state courts "have concurrent jurisdiction to determine the dischargeability of a debt," as well as "whether [certain debts] constituted post-petition debts outside the penumbra of the discharge and discharge injunction")); ***Howard v. Howard***, 336 S.W.3d 433, 442-44 (Ky. 2011) ("Kentucky state courts have jurisdiction to determine . . . obligation to make payments on [particular debts] discharged in his Chapter 7 bankruptcy").

In ***Howard****,* which Husband cites in support of his position, the Kentucky Supreme Court confronted the identical issue that is currently before this Court and concluded that the state trial court had jurisdiction to enforce a husband's financial obligation owed to his former wife under a divorce decree, even though he received a post-divorce Chapter 7 bankruptcy discharge and his former wife neglected to assert the debt's nondischargeabilty in the bankruptcy court. Citing BAPCPA and the identical federal court precedent that we rely upon herein, the ***Howard*** court reasoned,

> Not only was 11 U.S.C. § 523(a)(15) amended to . . . no longer permit discharge upon consideration of the debtor's ability to pay and balancing of the benefits and burdens on both sides, but 11 U.S.C. § 523(c)(1) was also significantly amended. Contrary to the pre-BAPCPA requirement that divorce debts . . . would be discharged unless the present or former spouse or child filed a complaint for an exception to discharge under 11 U.S.C. § 523(a)(15), the post-BAPCPA version of 11 U.S.C. § 523(c)(1)

no longer includes debts under subsection (a)(15) among its list of debts that will be discharged unless the creditor takes action to obtain a determination that the debt is excepted from discharge. So a non-support divorce debt . . . to a present or former spouse or a child is excepted from discharge, and **there is no requirement that the present or former spouse or child take part in the bankruptcy action for the debt to be excepted from discharge**.

*Howard*, *supra* at 444 (emphasis added). Hence, the exception to discharge of a debt under (a)(15) does not require affirmative action and is automatic.

Stated plainly, BAPCPA eviscerated the underpinnings of the *Hogg* Court's rationale concerning the statutory framework. Following BAPCPA, Wife's debt owed to Husband under the PSA was automatically excepted from discharge, Husband was not required to assert the issue in the bankruptcy court, and the trial court had concurrent jurisdiction to acknowledge the surviving debt and enforce the obligation. Thus, the trial court erred in refusing to exercise its concurrent jurisdiction under § 1334 to grant Husband's motion for special relief and order Wife to pay Husband the $26,210.00 debt that she owes under the PSA. Accordingly, we reverse the trial court order granting in part and denying in part Husband's petition for special relief, and we remand for proceedings consistent with this opinion.

Order reversed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/13/20</u>