# United States Bankruptcy Appellate Panel
## For the Eighth Circuit

_____

No. 16-6021

_____

In re: Sara J. Fern

*Debtor*

------------------------------

Sara J. Fern

*Plaintiff - Appellee*

v.

FedLoan Servicing

*Defendant*

U.S. Department of Education

*Defendant - Appellant*

Pennsylvania Higher Education Assistance Agency

*Defendant*

_____

Appeal from United States Bankruptcy Court
for the Northern District of Iowa - Dubuque

_____

Submitted: January 6, 2017
Filed: February 7, 2017

_____

Before KRESSEL, FEDERMAN and SHODEEN, Bankruptcy Judges.

_____

SHODEEN, Bankruptcy Judge,

The Defendant, U.S. Department of Education, appeals from the Bankruptcy Court's[1] determination that Fern's student loans are dischargeable based upon undue hardship pursuant to 11 U.S.C. § 523(a)(8). For the reasons that follow, we affirm.

## STANDARD OF REVIEW

The determination of undue hardship is a legal conclusion subject to de novo review. *Long v. Educ. Credit Mgmt. Corp.* (*In re Long*)*,* 322 F.3d 549, 553 (8th Cir. 2003). Subsidiary findings of fact on which the legal conclusions are based are reviewed for clear error. *Educ. Credit Mgmt. Corp. v. Jesperson*, 571 F.3d 775, 779 (8th Cir. 2009). We may affirm on any basis supported by the record. *Kaler v. Charles* (*In re Charles*)*,* 474 B.R. 680, 687 (B.A.P. 8th Cir. 2012) (citing *Stabler v. Beyers* (*In re Stabler*), 418 B.R. 764, 766 n. 2 (B.A.P. 8th Cir. 2009)).

## DISCUSSION

Between 2002 and 2004 Fern obtained student loans totaling $14,980 under the William D. Ford Direct Loan Program under three separate promissory notes. She used these funds to participate in classes to become an accounting clerk. After two unsuccessful attempts to complete a required class she could not finish the program. In 2007 Fern obtained an additional student loan of approximately $5,300 from the Ford Program to attend Capri College for training as an esthetician. After graduating she rented space at a commercial tanning salon and began working in her field of study. Being unable to build up the necessary clientele to support her family she left this job. Fern has never made a payment on her student loan obligations. At the time of trial the aggregate balance owing on Fern's student loans exceeded $27,000.

Discharge of student loan debt in bankruptcy is governed by 11 U.S.C. § 523(a)(8) which in relevant part states: "A discharge under section 727 . . . of this

---

[1] The Honorable Thad J. Collins, United States Bankruptcy Judge for the Northern District of Iowa.

title does not discharge an individual debtor from any debt [for education loans] unless excepting such debt from discharge . . . would impose an undue hardship on the debtor and the debtor's dependents . . . ." The debtor bears the burden to prove undue hardship by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 289-91 (1991). The term undue hardship is not defined in the Bankruptcy Code. Consequently, the standards to determine what constitutes undue hardship have been developed by the courts. A majority of Circuits follow the test adopted by the Second Circuit in *Brunner* v. *New York State Higher Education Services Corp.,* 831 F.2d 395 (2d Cir. 1987). The *Brunner* analysis has been expressly rejected in this Circuit:

> We are convinced that requiring our bankruptcy courts to adhere to the strict parameters of a particular test would diminish the inherent discretion contained in § 523(a)(8) . . . We believe that fairness and equity require each undue hardship case to be examined on the unique facts and circumstances that surround the particular bankruptcy.

*Long*, 322 F.3d at 554. Instead, the Eighth Circuit follows a more flexible approach under a totality of the circumstances test. *Id.* Three factors are evaluated to determine undue hardship under this test: (1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the debtor's and her dependent's reasonable necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case. *Id.*

      1.      Past, Present and Future Financial Resources

Fern is a 35 year old single mother of three children ages 3, 11 and 16. For the last 6 years she has worked at Focus Services, LLC. This job provides her with a monthly income of $1,506.78 and offers flexibility so she can provide the necessary care for her children when needed. The family also receives food stamps and rental assistance. The children's fathers have made minimal or no child support payments. Efforts to enforce these obligations have been unsuccessful.

Fern's income history has remained consistent and is in line with her current earnings. She has never earned more than $25,000 annually. Her take home pay of $1,506.78 is supplemented by public assistance which results in a modest amount upon which to support a family of four. She has no savings or other sources of income. In the past, Fern's mother has loaned money to her daughter. Because her mother is retiring, she will be unable to provide this safety net to Fern. The evidence

supports the Bankruptcy Court's conclusion that Fern's income has been consistent and is unlikely to improve in the future which weighs in favor of discharging the student loans for undue hardship.

>    2.      Reasonable and Necessary Living Expenses

"To be reasonable and necessary, an expense must be 'modest and commensurate with the debtor's resources.'" *Jesperson*, 571 F.3d at 780 (citing *In re DeBrower*, 387 B.R. 587, 590 (Bank. N.D. Iowa 2008)). Fern's monthly income from all sources totals $2,413. The family's monthly expenses are $2,475. Based upon these figures there is a shortfall of $62 each month to meet the family's living expenses. The record supports the Bankruptcy Court's conclusion that Fern's monthly expenses are reasonable, necessary, modest and commensurate with her income and weigh in favor of discharging the student loans for undue hardship.

>    3.      Other Relevant Facts and Circumstances

This factor permits evaluation of a wide range of facts and issues that may be relevant to determining undue hardship, including:

> (1) total present and future incapacity to pay debts for reasons not within the control of the debtor; (2) whether the debtor has made a good faith effort to negotiate a deferment or forbearance of payment; (3) whether the hardship will be long-term; (4) whether the debtor has made payments on the student loan; (5) whether there is permanent or long-term disability of the debtor; (6) the ability of the debtor to obtain gainful employment in the area of the study; (7) whether the debtor has made a good faith effort to maximize income and minimize expenses; (8) whether the dominant purpose of the bankruptcy petition was to discharge the student loan; and (9) the ratio of student loan debt to total indebtedness.

*Brown v. Am. Educ. Servs., Inc.* (*In re Brown*)*,* 378 B.R. 623, 626-27 (Bankr. W.D. Mo. 2007) (citing *VerMaas v. Student Loans of N.D.* (*In re VerMaas*), 302 B.R. 650, 656-57 (Bankr. D. Neb. 2003); *Morris v. Univ. of Ark.,* 277 B.R. 910, 914 (Bankr. W.D. Ark. 2002)). The purpose of this final inquiry allows a court to consider any other relevant information that would be persuasive to overcome the income and

expense analysis of undue hardship under the first two factors of the totality of the circumstances test.

Fern testified that her vehicle requires maintenance and that she will need to replace it. She believes such a purchase is unavailable without her mother's assistance or co-signature because the student loan obligations are reflected on her credit report, which hinders her ability to borrow money. The education obtained with the student loan proceeds has not resulted in gainful employment for Fern. She occasionally reviews job postings but has discontinued actively submitting applications. According to Fern, if she could find a higher paying job she would gladly take it.

None of Fern's loans has ever been placed in repayment status, instead they have always been classified as deferred or in forbearance meaning that no payment is required. The Department of Education contends that Fern qualifies for at least two repayment plans. While the availability of repayment options is a relevant fact, it cannot be the only basis to consider in determining undue hardship. *Lee v. Regions Bank Student Loans*, (*In re Lee*), 352 B.R. 91, 95 (B.A.P. 8th Cir. 2006). Relying upon *Jesperson,* the Department suggests that Fern is qualified for a repayment program where her "payment" would be $0.00 and because that "payment" amount will not affect her current standard of living the student loans should not be discharged. *See* 571 F.3d at 779 (ability to make some payment on student loans and maintain a "minimal standard of living" does not qualify as an undue hardship).

There are substantial and important differences between this case and *Jesperson* which must be placed in context. Jesperson was a lawyer who owed in excess of $300,000 in student loans. The Court of Appeals identified numerous grounds in reaching its conclusion that Jesperson's circumstances did not qualify for an undue hardship discharge of his student loan debt. These included: his age, good health, number of degrees, marketable skills, lack of dependents, self-imposed conditions which limited his monthly income and a failure to pay any amount on the student loan when he had sufficient income to do so. *Id.* at 782. Most notably, Jesperson could afford a monthly payment of $629 under an income contingent repayment plan. In contrast, Fern has never been required to make a payment, and under either the Income Contingent Repayment Program or PAYE this would still remain the case. We do not interpret *Jesperson* to stand for the proposition that a monthly payment obligation in the amount of zero automatically constitutes an ability to pay.

The Department also states that the Bankruptcy Court's conclusions about Fern's emotional burden related to the student loan obligations, the continued accrual of interest on the loans, the negative credit effect of the loans, and the potential tax obligation when the repayment plan expires were in error. We do not agree. These additional observations identified by the Bankruptcy Court simply served to supplement its determination of undue hardship under the totality of the circumstances test.

For the reasons stated there is no error in the Bankruptcy Court's determination that Fern's student loans are dischargeable based upon undue hardship. Accordingly, the Bankruptcy Court's order is AFFIRMED.

_____