# United States Bankruptcy Appellate Panel
## For the Eighth Circuit

_____

No. 16-6036

_____

In re: Roberts Broadcasting Company, also known as WRBU TV, also known as Roberts Broadcasting Co., LLC, also known as Roberts Brothers Broadcasting, LLC, also known as Roberts Broadcasting Company of St. Louis, MO, LLC

*Debtor*

------------------------------

Roberts Broadcasting Company; Roberts Broadcasting Company, Columbia, South Carolina, LLC; Roberts Broadcasting Company, Evansville, Indiana, LLC; Roberts Broadcasting Company, Jackson, Mississippi, LLC

*Plaintiffs - Appellees*

v.

A. Thomas DeWoskin; Danna McKitrick

*Defendants - Appellants*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 7, 2017
Filed: May 8, 2017

_____

Before KRESSEL, FEDERMAN, and NAIL, Bankruptcy Judges.

_____

NAIL, Bankruptcy Judge.

Danna McKitrick, P.C., and A. Thomas DeWoskin (collectively, "Danna McKitrick") appeal the October 31, 2016 memorandum opinion and order of the bankruptcy court[1] abstaining from hearing Roberts Broadcasting Company, Roberts Broadcasting Company, Columbia, South Carolina, LLC, Roberts Broadcasting Company, Evansville, Indiana, LLC, and Roberts Broadcasting Company, Jackson, Mississippi, LLC's (collectively, "Roberts Broadcasting") malpractice claim against Danna McKitrick. We affirm.

## BACKGROUND

Danna McKitrick represented Roberts Broadcasting in its chapter 11 case. After the chapter 11 case was closed, Roberts Broadcasting filed a civil action against Danna McKitrick in Missouri state court, alleging Danna McKitrick had committed malpractice in its representation of Roberts Broadcasting.

Danna McKitrick removed the civil action from Missouri state court to the United States District Court for the Eastern District of Missouri. On Roberts Broadcasting's motion to remand the case to Missouri state court, the district court[2] concluded it had subject-matter jurisdiction under 28 U.S.C. § 1334(b),[3] denied the

---

[1] The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

[2] The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

[3] Pursuant to this section, district courts have original but not exclusive jurisdiction of all civil proceedings arising in or related to cases under title 11. 28 U.S.C. § 1334(b).

motion, and referred the case to the bankruptcy court pursuant to the district court's local rule 9.01(B)(1).[4]

Following the district court's referral, the bankruptcy court asked the parties to brief the issue of whether it should abstain from hearing the case under 28 U.S.C. § 1334(c)(1), an issue left unresolved by the district court's decision. Both parties did so, and the bankruptcy court entered its memorandum opinion and order abstaining from hearing the case and remanding it to the Missouri state court. Danna McKitrick timely appealed.

## STANDARD OF REVIEW

We review a bankruptcy court's decision to abstain from exercising jurisdiction for an abuse of discretion. *Stabler v. Beyers* (*In re Stabler*), 418 B.R. 764, 766 (B.A.P. 8th Cir. 2009).

> A court abuses its discretion when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; or when all proper factors and no improper ones are considered, but the court commits a clear error of judgment in weighing those factors.

*City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013).

---

[4]Pursuant to this rule, all proceedings under title 11 are referred to the bankruptcy judges for the district. E.D.Mo. L.R. 9.01(B)(1).

DISCUSSION

A court may abstain from hearing a particular proceeding "in the interest of justice," "in the interest of comity with State courts," or "in the interest of . . . respect for State law." 28 U.S.C. § 1334(c)(1). "Because the statute speaks in general concepts, . . . courts have developed specific criteria to determine whether abstention is warranted." *Stabler*, 418 B.R. at 769. These criteria include:

(1) the effect or lack thereof on the efficient administration of the estate if a [bankruptcy court] recommends abstention,

(2) the extent to which state law issues predominate over bankruptcy issues,

(3) the difficult or unsettled nature of the applicable law,

(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,

(7) the substance rather than the form of an asserted "core" proceeding,

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,

(9) the burden on the bankruptcy court's docket,

(10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties,

(11) the existence of a right to a jury trial, and

(12) the presence in the proceeding of nondebtor parties.

*Stabler*, 418 B.R. at 769 (citations therein).

In this case, the bankruptcy court considered and addressed each of the listed criteria, and it considered and addressed *only* the listed criteria. Thus, the bankruptcy court did not abuse its discretion either by failing to consider a relevant factor that should have been given significant weight or by considering and giving significant weight to an irrelevant or improper factor.

The bankruptcy court found eight of the twelve listed criteria (the first, second, fourth, fifth, seventh, eighth, tenth, and eleventh) weighed in favor of abstention. It found one (the ninth) did not weigh strongly either in favor of or against abstention. And it found three (the third, sixth, and twelfth) weighed against abstention to one degree or another. Danna McKitrick argues *none* of the listed criteria weigh in favor of abstention.

The bankruptcy court found the first criterion favored abstention because all Roberts Broadcasting's creditors had been paid in full (so any recovery on its malpractice claim would only benefit its owners, not its creditors), its chapter 11 case was closed in June 2014, and there was no bankruptcy estate on which its malpractice claim could have an effect. It found the second criterion favored abstention because while the events giving rise to Roberts Broadcasting's malpractice claim may have taken place during the pendency of Roberts Broadcasting's chapter 11 case, the real issue is whether Danna McKitrick committed malpractice, which would be determined under Missouri state law. It found the fourth criterion favored abstention

-5-

because abstaining from hearing the case would return Roberts Broadcasting's malpractice claim to the Missouri state court in which it was originally filed. It found the fifth criterion favored abstention because, but for 28 U.S.C. § 1334, Roberts Broadcasting's malpractice claim could not have been brought in federal court. It found the seventh criterion favored abstention because Roberts Broadcasting's malpractice claim has no impact on Roberts Broadcasting's closed chapter 11 case and requires an evaluation of the elements of such a claim under Missouri state law. It found the eighth criterion favored abstention because there are no bankruptcy matters to sever. It found the tenth criterion favored abstention because if it did not abstain, Danna McKitrick would be allowed to proceed in a different forum than that available to other alleged victims of malpractice. Finally, it found the eleventh criterion favored abstention because Roberts Broadcasting would be entitled to a jury trial on its malpractice claim, the bankruptcy court's ability to conduct a jury trial is limited, and neither party has consented to the bankruptcy court's conducting a jury trial.

Each of these findings is supported by the record. Because the bankruptcy court's findings are supported by the record, they cannot be clearly erroneous. *Rice v. Union Pac. R.R. Co.*, 712 F.3d 1214, 1220 (8th Cir. 2013) (first citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985) (when there are "two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous"); and then citing *Baggett v. Program Res., Inc.*, 806 F.2d 178, 181 (8th Cir. 1986) ("The test [under the clearly erroneous standard of review] is not whether review of the evidence would lead us to the same conclusion as that reached by the [trial] court, but whether the [trial] court has demonstrated any clear error in its conclusion.")).

In weighing the listed criteria, the bankruptcy court specifically–and correctly–noted neither a single criterion nor the number of criteria on either side of the question is itself determinative. It then found the overwhelming weight of the

listed criteria supported abstention. We agree: The bankruptcy court's analysis demonstrates exercising jurisdiction in this case would serve no bankruptcy purpose and would resolve no bankruptcy issues. Thus, the bankruptcy court did not abuse its discretion by committing a clear error of judgment in weighing the listed criteria, either.

Danna McKitrick nevertheless argues the bankruptcy court abused its discretion by failing to expressly recognize abstention is the exception rather than the rule and by failing to specifically identify the basis for abstention. Both arguments are without merit. The purpose and effect of the criteria identified in *Stabler* are to ensure abstention *is* the exception rather than the rule and to ensure abstention *is* "in the interest of justice," "in the interest of comity with State courts," or "in the interest of . . . respect for State law." By considering, addressing, and weighing each of these criteria, the bankruptcy court satisfied the requirements of 28 U.S.C. § 1334(c)(1).

CONCLUSION

Having concluded it did not abuse its discretion in abstaining from hearing Roberts Broadcasting's malpractice claim against Danna McKitrick, we affirm the bankruptcy court's October 31, 2016 memorandum opinion and order.

———————————————