# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 17-6015

_____

In re: Ronald Stuart Baker

*Debtor*

------------------------------

Zahn Law Firm, P.A.

*Plaintiff - Appellee*

v.

Ronald Stuart Baker

*Defendant - Appellant*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - Minneapolis

_____

Submitted:  October 2, 2017
Filed: November 16, 2017

_____

Before SCHERMER, NAIL, and DOW, Bankruptcy Judges.

_____

NAIL, Bankruptcy Judge.

Ronald Stuart Baker ("Debtor") appeals the May 3, 2017 order of the bankruptcy court[1] remanding an adversary proceeding brought against Debtor by Zahn Law Firm, P.A. ("Law Firm").[2] We affirm.

BACKGROUND

In August 2015, Law Firm commenced an action against Debtor in Minnesota state court, alleging breach of contract and account stated. Debtor answered and counterclaimed, alleging Law Firm's representation agreement was unenforceable and seeking recovery of sums Debtor had paid Law Firm. Law Firm replied, raising various affirmative defenses to Debtor's counterclaim.

The state court action bumped along for many months. In June 2016, both parties filed motions to amend their respective pleadings, which were heard by the state court on June 24, 2016 and taken under advisement. In July 2016, Law Firm filed a motion for summary judgment, which was scheduled to be heard by the state court on August 24, 2016.

The hearing on Law Firm's motion for summary judgment never took place. On August 10, 2016, Debtor filed a petition for relief under chapter 13 of the

---

[1]The Honorable Kathleen H. Sanberg, Chief Judge, United States Bankruptcy Court for the District of Minnesota.

[2]While "decisions to abstain or remand are not subject to review by appeal or otherwise by the court of appeals or by the Supreme Court of the United States, . . . appellate review by [the bankruptcy appellate panel] is fully permitted." *Cargill, Inc. v. Man Fin., Inc. (In re Refco, Inc.)*, 354 B.R. 515, 518 (B.A.P. 8th Cir. 2006) (citing 28 U.S.C. §§ 1334(d) and 1452(b)) (internal quotation marks omitted).

bankruptcy code. This stayed further proceedings in the state court.[3] Five days later, Debtor removed the state court action to the bankruptcy court.

In April 2017, the bankruptcy court entered an order directing the parties to appear and show cause why the adversary proceeding that was opened following the removal of the state court action should not be remanded to the state court. Both parties appeared and were heard. Debtor opposed remand; Law Firm did not. After hearing the arguments of counsel, the bankruptcy court determined remand was appropriate. The bankruptcy court memorialized its oral ruling in an order entered May 3, 2017. Debtor timely appealed.

## STANDARD OF REVIEW

We review a bankruptcy court's decision to remand for an abuse of discretion. *Sears v. Sears* (*In re Sears*), 539 B.R. 368, 370 (D. Neb. 2015).

> A court abuses its discretion when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; or when all proper factors and no improper ones are considered, but the court commits a clear error of judgment in weighing those factors.

*City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013).

---

[3]The filing of a petition for relief under title 11 automatically stays the continuation of a judicial action or proceeding against the debtor that was commenced before the bankruptcy case was filed. 11 U.S.C. § 362(a)(1).

DISCUSSION

A bankruptcy court may remand a claim or cause of action on any equitable ground. 28 U.S.C. § 1452(b). In determining whether to remand, a bankruptcy court should first consider the same criteria used in determining whether to abstain from hearing a matter under 28 U.S.C. § 1334(c)(1). *Sears*, 539 B.R. at 371-72 ("The analysis used to determine whether equitable remand under § 1452(b) is appropriate is virtually identical to the permissive abstention analysis[.]"). These criteria include:

> (1) the effect or lack thereof on the efficient administration of the estate if a [bankruptcy court] recommends abstention,
>
> (2) the extent to which state law issues predominate over bankruptcy issues,
>
> (3) the difficult or unsettled nature of the applicable law,
>
> (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,
>
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
>
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
>
> (7) the substance rather than the form of an asserted "core" proceeding,
>
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
>
> (9) the burden on the bankruptcy court's docket,

(10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties,

(11) the existence of a right to a jury trial, and

(12) the presence in the proceeding of nondebtor parties.

*Stabler v. Beyers* (*In re Stabler*), 418 B.R. 764, 769 (B.A.P. 8th Cir. 2009). A bankruptcy court should also consider:

(1) whether remand serves principles of judicial economy;

(2) whether there is prejudice to unremoved parties;

(3) whether the remand lessens the possibilities of inconsistent results; and

(4) whether the court where the action originated has greater expertise.

*Sears*, 539 B.R. at 372.

In this case, the bankruptcy court considered and addressed each of the listed criteria, and it considered and addressed *only* the listed criteria. Thus, the bankruptcy court did not abuse its discretion either by failing to consider a relevant factor that should have been given significant weight or by considering and giving significant weight to an irrelevant or improper factor.

The bankruptcy court found ten of the first twelve criteria and three of the four additional criteria weighed in favor of remand. It found the remaining criteria did not weigh in favor of remand. Debtor challenges the bankruptcy court's findings regarding four of the first twelve criteria: the first, third, fifth, and tenth.

With respect to the first criterion–the effect, if any, on the efficient administration of the bankruptcy estate–the bankruptcy court noted the state court action had been pending since August 31, 2015 and there had been numerous motions and hearings before the state court. The bankruptcy court also noted because of Debtor's jury demand, the bankruptcy court would only be able to hear the adversary proceeding through the discovery phase, and the district court would then need to try the matter. Debtor challenges neither of these findings. We agree with the bankruptcy court. The state court record is voluminous, and the bankruptcy court would need to devote substantial time and effort to adequately familiarize itself with that record. Starting over in the bankruptcy court would thus have an adverse effect on the efficient administration of the bankruptcy case, which would only be exacerbated by involving two federal courts in fully resolving the matter.

With respect to the third criterion–the difficult or unsettled nature of the applicable law–the bankruptcy court found the case involved no difficult or unsettled law. Debtor argues this weighs against remand. As it appears both Law Firm's complaint and Debtor's counterclaim will be determined solely by reference to state law–neither the state court nor the bankruptcy court has given Debtor leave to amend his counterclaim to assert a RICO claim–Debtor may be correct. If that state law is neither difficult nor unsettled, the state court is in no better position than the bankruptcy court to apply it to the facts of the case. However, this is but one of sixteen criteria the bankruptcy court considered before remanding the matter, and it does not appear–and Debtor does not suggest–this was the deciding factor in the bankruptcy court's decision. Any error in applying this single criterion is therefore harmless.

With respect to the fifth criterion–the jurisdictional basis, if any, other than 28 U.S.C. § 1334–the bankruptcy court noted the "majority of" the basis for jurisdiction of the adversary proceeding was "related to" jurisdiction under 28 U.S.C.

§ 1334,[4] the lone exception being Debtor's RICO claim, for which there would be an independent basis for federal jurisdiction. *See* 18 U.S.C. § 1961 *et seq*. As noted above, however, neither the state court nor the bankruptcy court has given Debtor leave to amend his counterclaim to asset a RICO claim, which leaves only the state law claims set forth in Law Firm's complaint and Debtor's counterclaim. And Debtor has identified no statute other than 28 U.S.C. § 1334 under which the bankruptcy court would have jurisdiction of those state law claims. Debtor makes much ado about the bankruptcy court's suggestion that Debtor's RICO claim appears to be frivolous. Regardless of whether the bankruptcy court was correct in its assessment of that *potential* claim, however, we agree with the bankruptcy court's assessment of the jurisdictional basis of the adversary proceeding. But for 28 U.S.C. § 1334, the bankruptcy court would lack jurisdiction of Debtor's state law claims.

With respect to the tenth criterion–the likelihood that the commencement of the adversary proceeding involved forum shopping–the bankruptcy court found the timing of Debtor's removal of the state court action was evidence of forum shopping. As Debtor does not deny he removed the state court action after the state court entered rulings that were adverse to him, this is a permissible view of the record. Debtor offers a different interpretation of his motivation in removing the matter to the bankruptcy court: An appeal of the state court's rulings would have caused delay that would have adversely affected the efficient administration of the bankruptcy estate. Even assuming *arguendo* this is an equally permissible view of the record, we cannot say the bankruptcy court's finding was clearly erroneous. *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 574 (1985) ("Where there are two

---

[4]The district courts have original and exclusive jurisdiction of all cases under title 11 and original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11. 28 U.S.C. § 1334(a) and (b). A district court may refer any or all such cases and any or all such proceedings to the bankruptcy court. 28 U.S.C. § 157(a).

permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

In sum, the bankruptcy court found the overwhelming weight of the listed criteria supported abstention. We agree. The bankruptcy court's analysis demonstrates its exercising jurisdiction in this case would not resolve any bankruptcy issue or serve any bankruptcy purpose that is not at least equally well-served by remanding the matter to the state court. Thus, the bankruptcy court did not abuse its discretion by committing a clear error of judgment in weighing the listed criteria, either.

Debtor raises two additional arguments. First, he argues he is being required to proceed in the state court without the automatic stay being lifted, modified, or conditioned. Nothing in the record suggests this is so.

Second, Debtor argues the bankruptcy court's order remanding the adversary proceeding to the state court is ambiguous as to its scope: "There is nothing in the record . . . which limits the remand to a determination of the estimated value of [Law Firm's] claim against [Debtor]." This is patently untrue. In its oral ruling, which it incorporated by reference in its order, the bankruptcy court stated, "The State Court can make a determination on fact and legal issues[,] and any enforcement of those decisions would come back to [the bankruptcy court]."

CONCLUSION

Having concluded the bankruptcy court did not abuse its discretion in remanding the adversary proceeding brought against Debtor by Law Firm, we affirm the bankruptcy court's May 3, 2017 Order of Remand.

———————————————